PROVOSTY, J.
The theory propounded in plaintiff’s petition is that he was. up in a derrick, some 25 feet from the ground, standing with another man upon a plank 2x10x18, the ends of which rested upon the sides of the derrick, some 18 feet apart, doing some work to a pipe that came up in the center of the derrick, when he fell, his foot having slipped, owing to the narrowness and weakness of this one plank platform, which sagged and rocked up and down.
The evidence established conclusively that the platform from which plaintiff pretended to have fallen was composed of six planks 2x10x18 securely fastened, and that plaintiff fell, not from this platform, but while passing from a trestle to this derrick, upon a 2x10 plank that spanned a space of about 12 feet.
In this court plaintiff mends his hold, and seeks to apply to the latter 2x10 plank, used as a mere running board, the testimony of some carpenters and housebuilders taken with reference to the sufficiency as a working platform of a one-plank platform such as he pretends in his petition and his testimony to have fallen from.
Even if this transfer of testimony from the alleged plank to the real plank be allowed, the testimony thus transferred would be overborne by that of experts in trestle and derrick building offered by defendant, which is to the effect that a running board of those dimensions is of regulation size, and is considered to be, and is in fact, reasonably safe. In the present case, not only plaintiff had a safe running board, but, at his left, waist-high, lengthwise with this plank, within easy reach — that is, about 18 inches from him— was a wooden, inverted trough, made of two planks in the shape of an inverted capital V, which he could rest his hand on for steadying himself.
[1, 2] The learned counsel for plaintiff presents his ease with great ingenuity and, at first blush, not a little plausibility, as if it were one in which defendant must be held responsible unless contributory negligence on the part of plaintiff is shown; but a defendant does not have to attach any blame to the plaintiff until he himself has been shown to have been at fault; if the occurrence has been the result of pure accident, or of such momentary inattention as the ordinarily most cautious may, in an unguarded moment, lapse into, neither party might be to blame, and the present case would seem to have been one of that kind.
The jury found against plaintiff.
Judgment affirmed.